FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 23 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

UNITED STATES OF AMERICA,

v.

JOEL DARDEN,

        Defendant.

----------------------------------------------------X

00 CR 315 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
BY:   Rachel Nash

CULLETON, MARINACCIO & FOGLIA
245 Main Street, Suite 410
White Plains, NY 10601
BY:   Michael Anthony Marinaccio

JOHNSON, Senior District Judge:

      Presently before the Court is a Mandate issued by the United States Court of Appeals for the Second Circuit on November 21, 2008, vacating and remanding Defendant Joel Darden's (the "Defendant") sentence of 210 months. The Court

1

has carefully considered the Mandate; the Defendant's sentencing memorandum, filed on February 20, 2009; the government's response, filed on March 13, 2009; and the Second Addendum to the Presentence Report, prepared by the Probation Department on February 25, 2009 ("Second Addendum to the PSR"). For the following reasons, the Defendant is re-sentenced to a term of 120 months in custody, followed by three years of supervised release.

The Court assumes the parties' familiarity with the underlying facts of this case. Briefly summarized, Joel Darden was arrested in the Middle District of Florida on September 16, 1999, for his involvement in a counterfeit check scheme (the "Florida Charges"). While on pretrial release, the Defendant absconded and a fugitive arrest warrant was issued for him. On February 23, 2000, the Defendant was arrested on the fugitive arrest warrant in the Eastern District of New York ("EDNY"). At the time of his arrest, the Defendant was found to be in possession of a firearm and ammunition. On March 23, 2000, he was indicted in the EDNY for a violation of 18 U.S.C. § 922(g)(1) (as a felon in possession of a firearm) ("New York Charge"). On March 12, 2002, the Defendant pled guilty before Magistrate Judge Pollak to both the New York Charge and the Florida Charges. Subsequently, however, new defense counsel was appointed and the Defendant ultimately withdrew his guilty plea to both the New York Charge and the Florida Charges. On February 25, 2005, the Court accepted the Defendant's withdrawal of his guilty plea and, on March 9, 2005, ordered that the Defendant be transferred

back to the Middle District of Florida to face trial on the Florida Charges. On April 27, 2005, the Defendant pled guilty to the Florida Charges and was sentenced by District Judge G. Kendall Sharp to a sentence of "time served" to run concurrently with any sentence received for crimes committed in other districts. Thereafter, the Defendant was returned to the Eastern District of New York where, on March 3, 2006, he pled guilty to the New York Charge. On September 29, 2006, the Defendant was sentenced by this Court to 210 months in custody.

On October 2, 2006, the Defendant filed a notice of appeal. On August 15, 2008, the Court of Appeals for the Second Circuit vacated and remanded the Defendant's sentence on the grounds that the Armed Career Criminal Act did not apply to the Defendant. See United States v. Darden et al., 539 F.3d 116 (2d Cir. 2008) (holding that, for purposes of determining the applicability of the Armed Career Criminal Act, the sentencing court must apply state law as it stands at the time of sentencing, not at the time the offense was committed).

Without the applicability of the Armed Career Criminal Act, both the parties concur with the Probation Department's calculation of the Defendant's new total offense level and guideline range in the Second Addendum to the PSR. The Court therefore adopts the findings of the Second Addendum to the PSR, to wit: the Defendant's total offense level is determined to be 24 and, given that the Defendant has a Criminal History category of VI, the Sentencing Guidelines provide a guideline range of 100 to 125 months. Because the statutory maximum

3

is ten years, however, the restricted guideline range is in fact 100 to 120 months. See 18 U.S.C. § 924(a)(2); Second Addendum to the PSR, ¶¶ 10-18, 63-64.

The Defendant further argues that the Court should be lenient in re-sentencing because the Bureau of Prisons ("BOP") has incorrectly credited all of the time that the Defendant spent in pretrial custody to the Florida Charges. (See Def. Sentencing Mem. of 02/20/09.) Specifically, the Defendant argues that when Judge Sharp sentenced the Defendant to "time served" to run concurrently with any sentence imposed on other pending charges, he intended that the Defendant should receive credit for the time he spent in custody in New York towards the New York Charge. (Id. at p. 4-5.) The government objects, arguing that this Court lacks authority to determine what credit the Defendant should receive, as that authority rests with the BOP; that the Guidelines do not permit the Court to downwardly depart for time served on an unrelated charge; and, that the Defendant's poor disciplinary record does not favor leniency. (See Government Letter of 03/13/09.) The Probation Department notes that it has contacted the BOP on this matter and has been advised that the BOP credited all the time served by the Defendant prior to April 27, 2005 towards the Florida Charges. (See Second Addendum to the PSR, ¶ 72.)

The Court has carefully considered the parties' submissions on this issue. The Court finds that, under 18 U.S.C. §3585(b), it lacks the authority to determine the amount of time that the Defendant is eligible to be credited for time served in

4

official custody prior to the date on which his sentence began. That determination must be made, in the first instance, by the BOP. See United States v. Wilson, 503 U.S. 329, 333-34 (1992). The Defendant must exhaust the administrative procedures available under 28 CFR §§ 542.10-542.16 (2002) before he can seek judicial review of the BOP's calculations. See Wilson, 503 U.S. at 335-36; United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998); see also Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994) (per curiam). Since the Defendant has not exhausted his administrative remedies, the Court lacks authority to review the BOP's calculation of the amount of time the Defendant is entitled to be credited. Likewise, the Court lacks the authority to downwardly depart under the Sentencing Guidelines in order to give the Defendant credit for time served. See United States v. Luna-Reynoso, 258 F.3d 111, 116-17 (2d Cir. 2001) (holding that the district court had no authority to downwardly depart under Guideline § 5K2.0 to credit the defendant for time served in federal custody prior to his being sentenced).

The Court notes that, per United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are now advisory, but must still be consulted. Having considered the Defendant's revised guideline range of 100-120 months and the factors listed in 18 U.S.C. § 3553(a), the Court finds that a sentence of 120 months in custody is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). In particular, the Court considers the serious nature of the offense with which the Defendant is charged: possession of a

5

semi-automatic handgun, as a person who has previously been convicted of a felony. See 18 U.S.C. § 3553(a)(1). The Court notes that this offense was committed while the Defendant was a fugitive after having absconded while on pretrial release in the Middle District of Florida. The Court also considers the Defendant's extensive and violent prior criminal history, including his multiple convictions for robbery, assault, possession of a controlled substance, and possession of weapon. See id. The Court further takes into consideration the Defendant's poor disciplinary record since he has been in custody, including multiple instances where the Defendant was disciplined for possessing a weapon and for assault. (See Government Letter of 03/13/09, Ex. A.) The Court considers that the characteristics emphasized by the Defendant, namely his supportive family and his recognition of the destructiveness of his past criminal behavior, do not outweigh the serious nature of the offense and the Defendant's extensive criminal history.

For the foregoing reasons, the Defendant is sentenced to a term of 120 months in custody, followed by three years supervised release.

SO ORDERED.

DATED:
    March 20, 2009
    Brooklyn, New York

/s/(SJ)
_____
Sterling Johnson, Jr, U.S.D.J.